## TAYLOR v. METROPOLITAN LIFE INS. CO.

### Civ. No. 20028.

District Court, N. D. Ohio, E. D.

March 24, 1943.

Marvin Harrison (of Harrison & Marshman), of Cleveland, Ohio, for plaintiff.

Parker Fulton and Robert M. Weh (of Burgess, Fulton, & Fulmer), both of Cleveland, Ohio, for defendant.

WILKIN, District Judge.

It seems to this court that the judgment of the Court of Appeals of Cuyahoga County works a collateral estoppel against the plaintiff in this case. True, as plaintiff points out, the issues involved in that case were not identical with the issues in this case; but one of the issues in that case, i. e., disability, is definitely involved in this case; and the finding and judgment of the Court of Appeals in that case would be at variance with the finding and judgment in this case if the plaintiff's complaint should be sustained. The judgment of the Court of Appeals said specifically "that plaintiff failed to comply with terms of the policy in respect to notice and proofs", and then it adds in quite definite language: "and failed to establish such disability as is comprehended within the policy". The specific language with reference to notice and proof precludes the construction that the judgment was based upon a finding that the plaintiff had not been under treatment by a physician or that his disability must not have resulted from injuries received in the course of employment. The court says quite definitely that the plaintiff failed to prove disability. While it is true, as plaintiff says, that the disability in the one case is a different thing from the disability in the other case, yet the disability in the former case is encompassed within the disability in the present case, and a finding and judgment that the disability in the former case was not proved, precludes the possibility of the judgment required in this case in order to entitle plaintiff to a recovery. The effect of the judgment in the State court is that the plaintiff was not "unable to perform the duties of his occupation"; and if that is true, he would not be able to prove total permanent disability in this case. If the plaintiff was found not unable to perform his occupation, he could not now be found unable to perform any gainful occupation. Wherefore the judgment of the Court of Appeals operates as an estoppel against this action.